REYES SOTO, Petitioner and Appellant, v. MANUEL V. DOMENECH, substituted by R. SANCHO BONET, TREASURER OF PUERTO RICO, Respondent and Appellee.

No. 7605. Argued November 16, 1938.—Decided December 15, 1938.

*Pascasio Fajardo Martínez* for appellant.   *B. Fernández García, Attorney General,* and *R. García Cintrón, Deputy Attorney General,* for appellee.

Mr. Justice De Jesús delivered the opinion of the court.

A petition was filed in the District Court of Mayagüez against the then Treasurer of Puerto Rico, Manuel V. Domenech, later substituted by the present incumbent, Rafael Sancho Bonet, seeking a mandamus against the Treasurer of Puerto Rico to compel him to issue a check for the amount of a certain award granted by the Industrial Commission to the petitioner Reyes Soto. The Treasurer of Puerto Rico opportunely filed a motion praying for a removal of this suit to the District Court of San Juan, which is the district in which he resides. Plaintiff objected, and from the order granting the petition for change of venue and after a denial of reconsideration thereof, has taken the present appeal.

In his brief appellant assigns a single error, to wit:

"That the District Court of Mayagüez erred in granting the motion for removal of the present case to the District Court of San Juan."

Appellant discusses this assignment under three different aspects, as follows:

(a) That the two affidavits of merits attached to the motion for transfer are void, because one of them was signed by the Treasurer before his own attorney, Mr. Manuel Cruz Horta, and the other by the aforesaid Manuel Cruz Horta before the deputy clerk of the District Court of San Juan, it being plaintiff's contention that the affidavits are void because he believes that an attorney in his capacity as a notary, cannot administer an oath to his client, nor can a deputy clerk of a court take affidavits in connection with documents to a suit being prosecuted before a court other than the one of which he is an officer. Under this first point, appellant also discusses the fact that no 25 cent internal revenue stamps were cancelled on the two affidavits, an omission which according to him renders them invalid;

(b) That in accordance with section 15 of Act No. 85, approved May 14, 1928 (Session Laws, p. 630), entitled "Workmen's Accident Compensation Act," the case now before us ought to be tried in the district in which the accident occurred, which in this case was in the district of Mayagüez: and

(c) That in accordance with section 79 of the Code of Civil Procedure, this case, according to appellant, ought to be tried in the district of Mayagüez, and not in the district of San Juan, where the defendant resides.

We shall discuss the different aspects of the question in the order hereinbefore set forth:

(a) It has been decided in this jurisdiction, following the rule laid down on the continent, that attorneys representing some of the parties in a suit ought not to exercise

their powers as notaries in connection therewith for the purpose of taking oaths of their clients or for other purposes, and it has been said such a practice is improper and ought not to be followed; but it has never been said that an oath so taken is void. *Negrón et al.* v. *The Supervisor of Elections,* 11 P.R.R. 352; *Rivera* v. *Cámara,* 17 P.R.R. 503.

Section 2 of the Act governing sworn statements (affidavits, oaths, and affirmations), as amended by the Act of March 9, 1910, authorizes any clerk of a district court or of the Supreme Court to take oaths, and makes no distinction between their authority for that purpose and that conferred upon the Justices of the Supreme Court, district judges, municipal judges, or justices of the peace. There is no provision whatever, as we have said, limiting the power of the clerks of the district courts to administer oaths in suits or proceedings prosecuted before the court in which they are acting. In the case of *Pérez et al.* v. *López, District Judge,* 18 P.R.R. 630, it was decided only that a clerk of a municipal court has no power to administer the oath to a complaint to be filed in a district court; but the act which empowers the clerks of municipal courts to administer oaths is that of March 8, 1906, page 101, a statutory provision distinct from section 2, *supra,* authorizing clerks of the district courts, Justices of the Supreme Court, etc., to administer oaths.

In the case of *People* v. *Rodríguez,* 49 P.R.R. 457, the case of *The People* v. *Colón,* 17 P.R.R. 973, was cited with approval. In that case it was held that deputy clerks of district courts are authorized to administer oaths to the same extent as the clerks from whom they derive their authority.

■ Appellant is not correct with respect to omission to cancel stamps on the two affidavits above mentioned, since in accordance with subdivision 22 of section 16 of the Internal Revenue Law of Puerto Rico (Act No. 85, approved August 20, 1925, Session Laws, p. 584) there is an express exemption from the 25 cent tax of "affidavits or declarations of au-

thenticity as may be executed by public officers in official . . . proceedings." As we have already seen, this is a suit against the Treasurer of Puerto Rico in his official capacity. Consequently, the affidavits are not void, as appellant contends.

■ (*b*) Let us turn now to the second aspect of the question. Section 15 of the "Workmen's Accident Compensation Act" (Act No. 85 of 1928, Session Laws, p. 630) refers exclusively to the proceedings for review of decisions of the Industrial Commission, authorized by that statute, the district court of the district where the accident occurred being granted jurisdiction for that purpose. But the present case does not involve a review of an order or decision of the Industrial Commission, but a completely independent proceeding from that giving rise to the decision granting compensation to appellant. The fact that the purpose of the mandamus proceeding in this case is to oblige the Treasurer to pay the award already granted by the Industrial Commission, and that it is in this way connected with the matter giving rise to the workman's compensation, does not make applicable the section 15 which appellant cites, which as we have seen deals exclusively with the proceeding for review.

■ (*c*) Turning now to the third question raised by appellant, it is sufficient to cite the case of *Clemente* v. *Board of Examiners,* 38 P.R.R. 810, and that of *Mayagüez Dock & Shipping Co.* v. *Soltero,* 42 P.R.R. 368, which involved a petition for mandamus against the Superintendent of Insurance, who resided in San Juan, and in which this court, in reversing the order denying a transfer, made the following statement:

"In *Clemente* v. *Board of Examiners,* 38 P.R.R. 810, in which a writ of mandamus was sought directed to the Board of Examiners of Engineers, Architects, and Surveyors, we held that the respondent was entitled to a transfer of the case to the District Court of San Juan because the respondent had its residence in the city of San Juan."

Since the error assigned by appellant does not exist, the order appealed from is therefore affirmed in all its parts.

Mr. Chief Justice Del Toro took no part in the decision of this case.